21259. DENMARK *v.* THE STATE.

158

*C. D. Rivers, B. E. Neal, M. B. Eubanks, Porter & Mebane,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens, E. S. Taylor, Barry Wright, Wright & Covington,* contra.

LUKE, J. The first count of an indictment in Chattooga county alleged that R. A. Denmark, on the 1st of May, 1929, in the county aforesaid, being then and there an officer of Brittain Brothers Company, to wit, secretary, director and stockholder of said company, the said Brittain Brothers Company being a corporate body of the State of Georgia, did embezzle, steal, secrete, and fraudulently take and carry away certain money, to wit $1000.00, which sum had been entrusted to him by the said Brittain Brothers Company, the same being the money and property of the said Brittain Brothers Company, said money having been taken by the said R. A. Denmark from the funds of the said Brittain Brothers Company at Summerville, Georgia, on said date. The second count alleged that the defendant embezzled $1200.00 from the said corporation and at the same place on the 25th of May 1929. The defendant was convicted, made a motion for a new trial which was overruled, and in his bill of exceptions he assigns error on this judgment.

Attached to and made a part of the record in this case, and certified by the trial judge as being material to a clear understanding of the errors complained of in the bill of exceptions, are the following: An indictment in Floyd county alleging that R. A. Denmark embezzled from Brittain Brothers Company in said county specified sums of money as set out in nine different counts of the indictment, none of them being the sums alleged in the indictment in Chattooga county now under consideration. Also a plea of former jeopardy and autrefois acquit, alleging that the allegations in the present indictment in Chattooga county could have been included in said Floyd county indictment and are conclusively presumed by law to have been included therein. Also a demurrer to said plea in abatement, and an order of the trial judge sustaining said demurrer and dismissing said plea of former

jeopardy. Also a bill of exceptions to the Court of Appeals, assigning error on the ruling of the trial judge on the demurrer to the plea. Also the remittitur of the Court of Appeals upon said bill of exceptions, together with the order of the court thereon entering said remittitur. This court held that the striking of the plea of former jeopardy filed by the accused was not a final judgment, and that the bill of exceptions was prematurely brought, and refused to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite, and dismissed the writ of error. *Denmark* v. *State*, 41 *Ga. App.* 470 (153 S. E. 430). This being true, the exceptions to the striking of the plea of former jeopardy have not been preserved.

There is ample evidence to show that Brittain Brothers Company operated a store at Lindale, Floyd county, Georgia, and another store at Summerville, Chattooga county, Georgia; that during May, 1929, the defendant Denmark was secretary, office manager and stockholder of said corporation; that he was a superior officer to and had control of F. F. Chapman, who was branch manager of the Summerville store; and that said Chapman was subject to his orders relative to the funds of the Summerville store; that on May 1, 1929, defendant went to Summerville and instructed Chapman to procure a draft for $1000, get a cashier's check made payable to Chapman, and turn the same over to the defendant Denmark, which Chapman did; that Brittain Brothers' money was used to procure that draft; that on May 25, 1929, Denmark instructed Chapman to get $1200 in currency, and that Chapman took $1200 of customer's checks belonging to Brittain Brothers, went to the bank, got the money, and turned it over to the defendant Denmark; that all of this occurred in Summerville, Chattooga county, Georgia, and that Denmark carried the money to Rome and deposited it to his personal credit in the National City Bank of Rome.

■ The first special ground of the motion for a new trial alleges that on motion of counsel for the State the jury was retired by the court, and that while the jury was retired State's counsel moved the court to instruct the defendant to make no reference in his statement to the fact that he had been acquitted in Floyd county on the charge of embezzlement from Brittain Brothers; the motion being based upon the ground that his acquittal in Floyd

county was immaterial and irrelevant to the two counts in the bill of indictment upon which he was being tried in the present case. The court so instructed the defendant and he excepts thereto. While considerable latitude is allowed the defendant in making his statement, the trial judge, in his discretion, has the right to prevent him from making irrelevant statements; and the defendant's acquittal on the former charge in Floyd county was irrelevant to the charge of embezzling different sums in a different county, and reference to the former acquittal would tend to prejudice the jury. In the case of *Vincent* v. *State,* 153 *Ga.* 278, 293-4 (112 S. E. 120), it was contended in the motion for a new trial that "the court erred in interrupting the defendant while making his statement, under the circumstances which will now be stated. After the defendant had stated, 'We tried this case once before, tried it last August; we had twelve men on the jury like we have this afternoon,' the court interrupted him and said, 'Don't go into what occurred last August; that is no part of this case.' The defendent then whispered to the judge that he was going to state that the jury (on the previous trial) stood eleven to one for his acquittal. The court then stated that he could not make that statement." The Supreme Court held that "The judge may interrupt the defendant when he makes irrelevant statements, and instruct him to confine his statement to the case. . . How the jury stood on the former trial of this case was wholly irrelevant to the present trial. It could throw no light whatever on the issue being tried. So the court did not err in interrupting the defendant and instructing him that he could not make any statement to the jury on this subject." See cases cited in that opinion. Under the foregoing authorities the court did not err in instructing the defendant not to refer to a case not then being tried.

■ The 2d, 3d, 4th, and 5th special grounds of the motion allege in substance that there is no evidence to show that the defendant embezzled the money in Chattooga county, but that even if the evidence is sufficient in this respect, the evidence that the defendant deposited the money in the bank in Floyd county shows that the offense was committed in Floyd county, where Brittain Brothers' principal office is located, and that the superior court of Chattooga county is without jurisdiction, and the conviction of the defendant in Chattooga county is contrary to law.

As to the sufficiency of the evidence showing that the embezzlement took place in Chattooga county, the witness F. F. Chapman, after testifying about the two transactions by virtue of which Denmark procured the money, swore further that "the entire transactions referred to was in Chattooga county, and the conference in regard to that was in Chattooga county, Ga." As to the superior court of Chattooga county not having jurisdiction of the case because the money was deposited in Floyd county, where the home office was located, this merely attempts to raise in another form the issue raised by the plea in abatement. The question raised by the plea in abatement is settled by the ruling of the trial judge on the demurrer thereto, and, as stated above, the exceptions to that ruling are not preserved by exceptions pendente lite for consideration of this court. See *Hendricks* v. *Strahley,* 40 *Ga. App.* 119 (149 S. E. 70) ; *Western & Atlantic Railroad* v. *Morgan,* 40 *Ga. App.* 611 (150 S. E. 850) ; *White County Bank* v. *Clermont State Bank,* 37 *Ga. App.* 268 (140 S. E. 767). Upon the plea in abatement the question is not before us, but proof of venue in Chattooga county is essential to a legal conviction. The evidence shows that the draft for $1000 and the currency for $1200 were turned over to the defendant Denmark in Chattooga county, and that the conference between Chapman and Denmark in regard to getting the money took place in Chattooga county. This was, sufficient to authorize the jury to find that the intent was formed and the conversion took place in Chattooga county. Of course the situs of the crime may be at the home office of a corporation, but ·it is not necessarily so. In the case of *Mangham* v. *State,* 11 *Ga. App.* 427 (75 S. E. 512), cited by plaintiff in error, it was held that the offense was properly laid in the county where the corporation had its principal office, but this was the place "where the treasurer obtained possession of the notes and presumptively formed the criminal intent." Furthermore, in the instant case the defendant does not contend that he converted the funds in Floyd county, but he takes the position that there was no conversion of the funds. If one embezzles funds from a branch office in Atlanta of a corporation which has its main office in New York City, it could not be reasonably contended that the accused would have to be tried in New York. The evidence sufficiently established the

venue in Chattooga county, and there is no merit in these special grounds of the motion.

■ The 6th special ground of the motion alleges that the court did not plainly instruct the jury that in order to convict the defendant they must find that the "said alleged offenses of embezzlement were committed in the county of Chattooga, and that if the jury found that said alleged offenses were committed outside the county of Chattooga, it would be the duty of the jury to acquit the defendant on both counts." A certificate of the trial judge shows that movant's counsel contended that only a general verdict could be returned without specifying the count or counts. The court charged the jury that each of the counts of the indictment alleged that the embezzlement was "in this county," and that "to this indictment the defendant has entered his plea of not guilty, which makes the issue for you to try." In addition to this the court further charged the jury that "If you should find that Furman Chapman took this draft for one thousand dollars in his possession, and subsequently thereto delivered this one-thousand-dollar draft to the defendant, R. A. Denmark, at Crystal Springs in Floyd county, . . he could not be convicted, so far as that part of the offense as alleged in this indictment, in this county, but the venue would be in Floyd county and not in Chattooga county." In the light of the certificate of the trial judge, and in the absence of a proper request for a more specific charge on this subject, this charge was sufficient. A jury of average intelligence would understand from this charge that in order to convict they would have to be satisfied that the crime was committed in Chattooga county. In *Keys* v. *State,* 112 *Ga.* 397 (3) (37 S. E. 762, 81 Am. St. R. 63), the Supreme Court held: "One ground of the motion for a new trial alleges error because the court erred in charging the jury substantially to the effect that if the defendant did not apply the money for the benefit of the owner, but, as charged in the indictment, fraudulently converted it to his own use, then he would be guilty. It was claimed that this was error, because it failed to tell the jury that the conversion should be made in Catoosa county. It appears from the charge of the court to the jury, set forth in the record, that the trial judge did specifically state what the issue between the State and the accused was. He stated as the contention of the State that 'this defendant, after be-

ing intrusted by Biggers with a certain five-dollar bill, for the use and benefit of Biggers, did *in this county,* on the 6th day of January, 1898, fraudulently convert the same to his own use.' It was not necessary for the judge, especially without any request from counsel, to state, in connection with each legal proposition laid down for the guidance of the jury, that it must appear that the offense was committed in Catoosa county." The court's charge on the subject of venue was sufficiently clear, especially so in the absence of a request for a more specific charge.

■ The 7th special ground of the motion alleges that the verdict finding the defendant guilty of embezzling $1000 as charged in the first count of the indictment is contrary to the law and the evidence, for that the evidence shows that this was a personal loan from Furman Chapman to the defendant. This is but an elaboration and amplification of the general grounds, and is wholly without merit. F. F. Chapman swore: "I procured this draft of one thousand dollars on May 1st, 1929. I delivered it to R. A. Denmark, Brittain Brothers' money was used to procure that draft. That fact was known to R. A. Denmark. Mr. Denmark came up and asked me for one thousand dollars and wanted to carry one thousand dollars back with him, and I went over to the bank and procured the draft. He asked me to get a cashier's check made payable to myself, which I did. He instructed me to get a draft in that amount. It was not a personal loan by me to R. A. Denmark. There was nothing said about it being a personal loan. The money was not requested of me on the basis of a personal loan. I understood that I was dealing with R. A. Denmark as officer. It was delivered to R. A. Denmark. At that time I was not trading with R. A. Denmark in regard to the purchase of some stocks. There was nothing said about that being used for the purchase of any stocks. I do not know what disposition was made by R. A. Denmark of that check." The jury, as shown by their verdict, believed this evidence, as they had a right to do.

■ Ground 8 is also but an amplification of the general grounds. It alleges that the verdict finding the defendant guilty of embezzling $1200, as charged in the second count of the indictment, is contrary to law and the evidence and without evidence to support it, because the uncontradicted evidence of A. A. Chapman shows that "the treasurer and general manager of Brittain Broth-

ers Company on the 23d of May, 1929, discharged the defendant and relieved the defendant of any and all duties devolving on him after that time," and that the defendant had no right to receive any money from Brittain Brothers Company in trust on May 25, 1929. The second count of the indictment alleges that the defendant, "being then and there an officer of Brittain Brothers Company, to wit, secretary of said company, and also being a director and stockholder of said Brittain Brothers Company, did embezzle, steal, etc., $1200." The evidence amply supported this charge. A. A. Chapman, the treasurer and general manager of Brittain Brothers Company, swore: "When I notified Mr. Denmark that he could take a vacation as far as his duties were concerned, he still remained as secretary, office manager and stockholder of the company until June 1st. . . Mr. Denmark continued to draw a salary and was paid salary until June 1st." Proof that the defendant was such officer sustained the allegations of the indictment and complied with the statute. Penal Code, § 186. The fact that he was on a vacation in no way relieved him of criminal responsibility.

■ Grounds 9 and 10 of the motion are abandoned by counsel for plaintiff in error.

■ Grounds 11 and 12 of the motion complain of the following excerpt from the charge of the court: "To constitute the offense of embezzlement, and that is the offense alleged in the indictment, there must be both a wrongful conversion and a fraudulent intent, but where money of the principal (in this case what is meant by the principal would be Brittain Brothers Company) is knowingly used by the agent (and so far as the word agent refers to this case that would be the defendant, Mr. Denmark), for his own private benefit and in violation of his duty to the principal, it is none the less embezzlement because at the time of the unlawful use the agent intended subsequently to restore the money. An officer or agent of a corporation can not take money of a corporation entrusted to him, or in his possession by virtue of his official relation or agency, and use it even temporarily for his private benefit and avoid criminal responsibility by calling it a loan. The law calls such a transaction a wrongful conversion, from which a fraudulent intent can be inferred." Neither the evidence nor the law renders this charge incorrect.

■ Ground 13 of the motion complains of the following excerpt from the charge: "When the Farmers and Merchants Bank delivered to F. F. Chapman the draft on May 1st, 1929, on the credit of Brittain Brothers Company or upon a due bill of Brittain Brothers Company, such draft thereupon became the property of Brittain Brothers Company; and I further charge you that when the Farmers and Merchants Bank delivered to F. F. Chapman the $1200 in cash, either on the credit of Brittain Brothers Company or in exchange for checks and cash of Brittain Brothers Company, such money thereupon became the property and money of Brittain Brothers Company." This is alleged to be error because the court expressed an opinion as to what had been proved. There was no issue or dispute about the Farmers and Merchants Bank delivering to F. F. Chapman the draft or the money. In fact, evidence to this effect was developed and enlarged upon by witnesses for the defendant. "Where a particular fact is established by uncontradicted evidence, it is not error for the judge to assume or intimate that the fact has been proved." *Pruitt* v. *State,* 36 *Ga. App.* 737 (138 S. E. 251), and cit.; *Swain* v. *State,* 162 *Ga.* 778 (7) (135 S. E. 187). Under these authorities there is no merit in this ground of the motion.

■ Grounds 14 and 15 of the motion complain, in substance, that the court charged the jury that the alleged wrongful conversion must have been while the defendant was an officer of Brittain Brothers Company; and that he should have charged the jury that in order to convict, the defendant must have been rendering service as such officer at the time of the alleged wrongful conversion. As stated in subdivision 5 of this opinion, the fact that the defendant was on a vacation in no way relieved him of criminal responsibility. Proof of his "being" such officer as alleged in the indictment sustained the allegations of the indictment and complied with the terms of the statute. Penal Code, § 186.

■ Ground 16 of the motion sets out an excerpt from the charge which undisputedly contains a correct proposition of law applicable to the case, but error is assigned because "the court failed in conjunction therewith and in addition thereto to further instruct the jury that" the alleged wrongful conversion must have occurred in Chattooga county. "A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the

same connection to give to the jury other appropriate instructions." *Conley* v. *Slate,* 21 *Ga. App.* 134 (94 S. E. 261). Furthermore, the point raised in this ground is settled adversely to the plaintiff in error by the decision in *Keys* v. *Slate,* supra.

■ Ground 17 of the motion alleges that the court erred in charging, in. substance, that if F. F. Chapman obtained the money from Brittain Brothers Company under instructions or at the request of Denmark, and if Denmark was an officer, director, and stockholder of Brittain Brothers Company, and at Denmark's request F. F. Chapman appropriated the money of Brittain Brothers Company to his own use for the purpose of loaning it to Denmark, the receipt by the defendant and the conversion of said money to his own use under said circumstances would be an unlawful conversion, from which a fraudulent intent might be inferred. The records show that the money obtained by Chapman belonged to Brittain Brothers Company, and Chapman testified that Denmark instructed him to get it for him (Denmark), and Denmark contends that Chapman loaned him the money. The charge complained of was applicable to the facts and stated a correct proposition of law.

■ Ground 18 of the motion complains that the court erred in charging the jury that if they found that Chapman delivered the $1000 draft to the defendant at Crystal Springs in Floyd county, the defendant could not be convicted of that part of the offense, and that the venue would be in Floyd county and not in Chattooga county. In his certificate to the motion for a new trial the trial judge says: "It was also contended and argued by counsel for movant that movant in his statement had contended that the draft for $1000 had been delivered by Chapman to movant at Crystal Springs, and that Crystal Springs is in Floyd county, Georgia, and not in Chattooga county, and for that reason, if any offense was committed in so far as the $1000 draft was concerned, it was committed in Floyd county and not in Chattooga county." In view of this certificate of the trial judge and of the fact that the charge complained of submitted to the jury a theory upon which the defendant could be acquitted of that charge and was favorable to the accused, there is no merit in this ground of the motion.

■ Ground 19 of the motion complains that the court, after charging that if the draft was delivered to the defendant at Crystal

Springs in Floyd county, he could not be convicted of this charge in Chattooga county, continued the charge by instructing the jury that on the other hand, if they should find that the defendant "obtained possession of the money or thing alleged in this indictment in this county, the law would presume that the criminal intent to convert the money, if it was converted to his own use, was formed in Chattooga county." There is no error in this charge. Such presumption of law under such circumstances would exist. As stated in the *Mangham* case, supra, the venue of the offense of embezzlement was properly laid in the county where the defendant "obtained possession of the notes and presumptively formed the criminal intent." One is presumed to intend the natural consequences of his act, and if the defendant received the draft and money under the circumstances alleged, then the intent is presumed to accompany the act.

 The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*