19196

The STATE, Respondent, v. Frank PETERSON, Appellant
(180 S. E. (2d) 341)

580

*Messrs. Franklin D. Beattie, Jr.,* and *Thomas F. All-good,* of Aiken, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, John P. Wilson, Asst. Attys. Gen.,* of Columbia, *L. A. Williamson, Esq., Solicitor,* of Aiken, and *Randolph Mur-daugh, Esq., Acting Solicitor,* of Hampton, *for Respondent,*

April 5, 1971.

Moss, Chief Justice.

The appellant, Frank Peterson, was tried at the 1969 May Term of the Court of General Sessions for Aiken County under an indictment charging him with the murder of Isadore Williams, Sr. on June 12, 1968. The appellant was found guilty of manslaughter and was sentenced to imprisonment for a term of fifteen years. This appeal followed.

The first contention of the appellant is that the trial judge committed reversible error in refusing to allow his counsel to personally conduct a *voir dire* examination of each of the prospective jurors.

While the trial judge refused the request made by appellant's counsel that they be permitted to personally exam-

ine each prospective juror he offered to propound to the jurors on *voir dire* examination any reasonable question suggested by counsel. Thereafter the trial judge conducted a *voir dire* examination of each prospective juror propounding the questions as required by Section 38-202 of the 1962 Code of Laws. After the statutory questions were asked counsel for the appellant made no request that the trial judge submit any additional questions to the prospective jurors.

We held in *State v. Britt,* 237 S. C. 293, 117 S. E. (2d) 379, that the trial judge may, if the circumstances seem to him to demand it, permit counsel engaged in the cause to also examine prospective jurors. However, we therein expressed the opinion that the better practice is for the trial judge, and not the attorneys, to conduct the examination. We also pointed out in the *Britt* case that after the statutory questions have been asked and answered, any further examination of a juror on *voir dire* must be left to the discretion of the trial judge. It is, therefore, clear in the light of the foregoing principles, that the method and scope of a *voir dire* examination rests within the discretion of the trial judge, which is subject to review only for abuse thereof.

We find no abuse of discretion on the part of the trial judge in conducting the *voir dire* examination here in question, as he followed the procedure as prescribed by Code Section 38-202, *supra,* and additionally afforded appellant's counsel the opportunity to submit other reasonable questions, which they declined to do. We conclude that the action of the trial judge was free from error and, therefore, appellant's contention is without merit.

The appellant also argues that the trial judge committed reversible error in refusing to admit into evidence the details of alleged previous difficulties between himself and the deceased.

It is well established in this jurisdiction that in homicide cases, evidence that the accused and the deceased had previous difficulties is admissible, if not too re-

mote in time, for the purpose of showing the animus of the parties, thereby aiding the jury in reaching a conclusion as to who was the probable aggressor, however, the details of such difficulties are inadmissible. *State v. Clinkscales,* 231 S. C. 650, 99 S. E. (2d) 663, and the numerous cases cited therein.

The above rule obviously has application in the instant case and the trial judge's exclusion of testimony showing the details of previous difficulties between the appellant and the deceased was proper. The record, however, reflects that while the trial judge was cognizant of the rule as so stated, he nevertheless allowed the appellant and several other witnesses to testify as to previous difficulties between the appellant and the deceased and also allowed evidence of some of the details thereof. The trial judge liberally applied the evidentiary rule here in question, thereby granting the appellant more latitude in the introduction of evidence regarding the matter of previous difficulties between himself and the deceased, and the details thereof to some extent, than he was entitled to under the rule. We cannot agree with the appellant's contention as the above rule is here controlling and demands an answer adverse to such contention.

The appellant contends that the solicitor's argument to the jury, in which he remarked: "We've got a bunch of other murder cases here and what you all do in this case has a lot of weight on what we're going to do in the other cases," was inflammatory and highly prejudicial to him.

Appellant's counsel thereafter moved for a mistrial and the trial judge overruled the motion, immediately admonishing the jury to decide the case based on the testimony and exhibits as offered during the course of the trial and to give no consideration whatsoever to past or future cases.

The question of whether the argument was improper or prejudicial is, under our decisions, a matter addressed largely to the discretion of the trial judge, and his ruling as to the prejudicial effect of the argument will not be disturbed in the absence of a showing of an abuse

of such discretion. *State v. Hutto,* 252 S. C. 36, 165 S. E. (2d) 72.

The appellant relies upon our case of *State v. Davis,* 239 S. C. 280, 122 S. E. (2d) 633, to sustain his contention that the solicitor's jury argument was improper and prejudicial, thereby requiring the reversal of his conviction. The Davis case does not dictate the result sought by the appellant, as such is distinguishable. In the case at bar there is no showing, as there was in Davis, that the solicitor's remarks were made in connection with the impending trial of another defendant and the threat of a *nolle prosequi* in such impending case. In the Davis case the death penalty was given and we held that the evil influence upon the jury of the solicitor's argument was not dispelled by a weak objection to "this line of talk" by defense counsel and a mild admonition of the trial judge to the jury. Here, the appellant's counsel strongly voiced his protest to the solicitor's remarks concerning the trial of future cases and the trial judge very adequately admonished the jury to disregard such remarks and to limit their consideration to the evidence as offered during the case being tried. We find no abuse of discretion on the part of the trial judge as he was present and heard the entire argument and was in a better position than we to pass on its effect.

We have carefully read and considered all of the testimony in this case and there was ample evidence from which the jury could have concluded that the appellant was guilty of murder, notwithstanding such evidence the jury returned a verdict of manslaughter. In the light of the verdict returned by the jury the solicitor's remarks apparently were harmless and not taken into account by the jury in returning its verdict.

All of the exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.