19231

The STATE, Respondent, v. George Walter DUKES and
King Farrison Watkins, Appellants

(182 S. E. (2d) 286)

*Messrs. Howard P. King, and Linwood S. Evans,* of Sumter, *for Appellants,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, John P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Kirk McLeod, Esq.,* of Sumter, *for Respondent,*

June 8, 1971.

Moss, Chief Justice:

The sole question for determination is whether the Appellants, George Walter Dukes and King Farrison Watkins,

were denied their right to a speedy trial as guaranteed under the Constitutions of the United States and of this State.

The Appellants, along with one Jack Simmons Horger, were arrested December 8, 1969 in Sumter County and charged with housebreaking and grand larceny. The appellants admitted being present during the commission of the above offenses, but allege that they were entrapped into committing such by one Arthur Sanders Durant, who they claim acted as an agent of the Sumter County Sheriff's Department and the South Carolina Law Enforcement Division in procuring their commisison of the aforesaid offenses.

The case against the appellants and Horger initially came on for trial at the 1970 February term of Court of General Sessions for Sumter County. The appellants were represented by appointed counsel and were prepared for trial, as was the State. The appellants had subpoenaed Durant to testify in their behalf, and he was present in the courtroom when the case was called.

It appears that Horger had retained the services of a member of the Sumter Bar to represent him, but shortly before the trial, due to a conflict of interests, this attorney was relieved by order of the court. Thereafter Horger engaged the services of a Columbia attorney, and this attorney moved for a continuance on the ground of inadequacy of time to perpare for trial. The trial judge granted this motion over the objection of the appellants. The appellants then moved for a severance and requested that the case against them be immediately tried. The trial judge refused this motion and the case was continued until the 1970 April term of court. The appellants, when their motion for a servance was denied, requested the trial judge to place Durant under bond or incarcerate him to insure his presence at the April trial. This request was refused.

When the case was called for trial at the April, 1970 term of the Court of General Sessions the appellants moved to quash the indictment against them on the grounds that

the court's refusal, at the 1970 February term of court, to grant a severance and allow them to be tried was a denial of their right to a speedy trial and such delay was prejudicial to them because the witness Durant was unavailable to testify in their behalf. This motion was refused. The appellants did not move for a continuance due to the absence of the witness Durant, even though the trial judge indicated he would grant such a motion. The appellants, with full knowledge of the absence of the witness Durant whom they alleged to be a material witness, elected to go to trial. The appellants, while contending that Durant was a material witness in their behalf, made no showing of what facts he would testify to if present.

The case was tried and the appellant Dukes was found guilty of housebreaking and grand larceny and the appellant Watkins was found guilty of grand larceny. The appellants then moved for an arrest of the judgment of conviction and for a new trial, such was refused and this appeal followed.

We have held that a motion for a continuance and severance is a matter addressed to the sound discretion of the trial judge and only an abuse of such would constitute reversible error. *State v. Harvey,* 253 S. C. 328, 170 S. E. (2d) 657. We find no error on the part of the trial judge in granting the motion of the defendant Horger for a continuance in order to allow his attorney adequate time to prepare for trial.

The refusal of the trial judge to grant separate trials to the appellants, who were indicted along with Horger, and jointly charged with housebreaking and grand larceny, was not prejudicial where the charges arose out of the same facts and circumstances and where there was no conflict in the defenses interposed. We conclude that there was no abuse of discretion on the part of the trial judge in refusing the motion of the appellants for a severance or a separate trial.

The fundamental law of this state reserves to each defendant the right to a speedy trial. Art. 1, Sec. 18, of the 1895 Constitution. The Sixth Amendment to the Constitution of the United States contains a like provision and it applies to state criminal cases by virtue of the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U. S. 213, 87 S. Ct. 988, 18 L. Ed. (2d) 1.

In *Wheeler v. State,* 247 S. C. 393, 147 S. E. (2d) 627, we said:

"Whether or not a person accused of crime has been denied his constitutional right to a speedy trial is a question to be answered in the light of the circumstances of each case. A speedy trial does not mean an immediate one; it does not imply undue haste, for the state, too, is entitled to a reasonable time in which to prepare its case; it simply means a trial without unreasonable and unnecessary delay. 21 Am. Jur. (2d), Criminal Law, Section 243. As was said in *Beavers v. Haubert,* 198 U. S. 77, 25 S. Ct. 573, 49 L. Ed. 950:

'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice'."

The burden was on the appellants, who assert that they were denied their constitutional right to a speedy trial, to show that the delay was due to the neglect and willfulness of the State's prosecution. 21 Am. Jur. (2d), Criminal Law, Sections 251-253, at page 286, *State v. Hollars,* 266 N. C. 45, 145 S. E. (2d) 309. It has been held that "while justice should be administered with dispatch, the essential ingredient is orderly expedition and not mere speed." *Smith v. United States,* 360 U. S. 1, 79 S. Ct. 991, 3 L. Ed. (2d) 1041.

When this case was called for trial at the 1970 February Term of court, a joint trial was contemplated. The appellants and the State were ready to proceed

with the trial and the only reason that the case was not then tried was because of the granting of the motion for a continuance made in behalf of Horger, a co-defendant. The delay in the trial was not brought about by any action of the State but was solely attributable to Horger, and a delay caused in this manner cannot be used as a basis of a claim that the appellants have been denied a speedy trial. The delay must be attributable to the State before the appellants can complain. *Garner v. State,* 1 Storey 301, 145 A. (2d) 68.

The appellants contend that the delay of their trial from February 1970 until April 1970, approximately two months, was prejudicial to their interest because the witness Durant was unavailable at the April Term of Court. Assuming that Durant was a material witness in behalf of the appellants, their decision to proceed to trial without his presence, cannot now be advanced as a ground for holding that they were denied a speedy trial. This is especially true in view of the fact that the trial judge suggested that a motion for a continuance on the ground of the absence of this witness would be granted. The appellants made no effort to comply with Circuit Court Rule 27, nor did they make a showing of what fact or facts Durant would testify to, if present.

It is our conclusion that the delay in the trial of the appellants was not due to the neglect and willfulness of the State but was solely due to the motion of their co-defendant. The appellants have not, under the record here, been denied their constitutional right to a speedy trial.

The exceptions of the appellants are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.