19558

The STATE, Respondent, v. Max J. OWENS, Appellant.
(194 S. E. (2d) 246)

*Grover S. Parnell, Jr., Esq.,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod Atty. Gen., Emmet H. Clair,* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and *Thomas W. Greene, Sol.,* of Greenville, *for Respondent,*

January 26, 1973.

BRAILSFORD, Justice:

The appellant was convicted of forgery in Greenville County at the March, 1972, term of General Sessions Court and sentenced to serve seven years' imprisonment. He appeals on exceptions which, according to the brief, raise seven questions. These will be quoted and disposed of in the order presented.

1. "Whether the Court should have refused to try the case based on assumed jurisdiction by the Federal Court?"

It only appears that at some time prior to his trial appellant filed a petition for a Writ of Habeas Corpus in the United States District Court on the ground that he had been denied a speedy trial. The mere filing of this petition, which was pending at the time of trial and afterward was dismissed by the District Court, did not

divest the General Sessions Court of Jurisdiction to, bring the appellant to trial on the charge of forgery. See 28 U. S. C. A., Sec. 2251.

2. "Whether the Court should have dismissed the charge based upon the denial of a speedy trial?"

When the case was called for trial on March 15, 1972, appellant moved for dismissal of the indictment on the ground that he had been denied a speedy trial. No showing in support of the motion was made or attempted except by calling the court's attention to the fact that appellant "(had) been incarcerated Since October of last year." Since his incarceration, appellant had spent thirty days at the South Carolina State Hospital for mental evaluation. Only one term of court had intervened between his return and the call of his case for trial. Appellant, having failed to meet the burden of showing that delay in his trial "was due to the neglect and willfulness of the State's prosecution," the motion was properly denied. *State v. Dukes,* 256 S. C. 218, 222, 182 S. E. (2d) 286, 288 (1971) .

3. "Whether the Court should have granted a continuance due to the absence of defense witnesses?"

The sole showing here is that two days before trial appellant by letter requested the solicitor to subpoena two out-of-state alibi witnesses and two psychiatrist, one of whom was from out-of-state, and that the court refused his motion for continuance based upon the absence of these witnesses. The argument on appeal relates solely to, the absent alibi witnesses. Appellant was represented by counsel who had ample time to prepare for trial. The record fails to establish either that they exercised reasonable diligence to have the witnesses present, or that appellant was prejudiced by their absence. The motion for continuance was properly refused.

4. "Whether the Court should have granted motions to strike any incourt identification of the accused by witnesses Cudd and Child, based on an unlawful confrontation outside the Court room?"

The witnesses referred to were the cashier and manager of the store at which the forged check had been cashed. Shortly after the fraud was discovered, each witness identified appellant from a batch of photographs. They next saw and recognized him at a preliminary hearing on a connected charge. On the day before trial they happened to see a group of prisoners, of which appellant was the only Caucasian, in a hall of the courthouse. They again recognized him and exchanged some comment concerning this fact. Appellant's characterization of this chance meeting as an "unlawful confrontation," improperly suggestive of an identification, is without reasonable basis in the evidence. Hence, the motion was properly overruled.

5. "Whether the Court erred in not granting a motion for a directed verdict of not guilty due to failure of the State to sustain facts alleged in the indictment?"

Under this question appellant states his position to be "that the indictment charged making and uttering and that at the close of the State's case, no evidence had been presented to show that the accused did make, and that the trial judge should have directed a verdict of not guilty." Even assuming that under the indictment the State was required to prove that appellant made the fictitious instrument drawn in his favor, his possession and use of it were sufficient to raise a jury issue. *State v. Orr,* 225 S. C. 369, 82 S. E. (2d) 523 (1954).

6. "Whether the Court erred in allowing verdicts to be returned as to both making a forgery and uttering a forgery when the indictment alleged both elements?"

Since the jury returned a general verdict of guilty and the court imposed one sentence, the question intended to be presented is obscure. Appellant does not elucidate the point by argument. Instead, he states that it rests upon "basically the same reasons as set out in question V." Again, we find no merit.

7. "Whether the Court erred in proceeding to trial after the accused requested a preliminary hearing and had not received such a hearing?"

The exception raising this question finds no support in the record which does not reflect that appellant ever requested a preliminary hearing either in writing or orally.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.