## STATE v. BROWN.

An indictment that fails to state any specific day on which the alleged offence was committed is fatally defective.

Before PRESSLEY, J., Charleston, June, 1885.

The opinion sufficiently states the case.

*Messrs. Lee & Bowen,* for appellant.

*Mr. Solicitor Jervey,* contra.

February 22, 1886. The opinion of the court was delivered by

MR. JUSTICE McIVER. The only question raised by this appeal is as to the sufficiency of the indictment under which the defendant was convicted. The indictment was for burglary, and charged, "That Andrew Brown, on the      day of March, in the year of our Lord one thousand eight hundred and eighty-five, at the hour of      , in the night of the same day, with force and arms," &c.; and the precise question is whether the omission to state any specific day on which the offence was alleged to have been committed is fatal.

In *Archbold's Criminal Pleadings*, page 11 of the 1st edition, it is said: "Time and place must be added to every material fact in an indictment; that is, every material fact stated in an indictment must be alleged to have been done on a particular day, and at a particular place." And again, at page 12, this writer says: "The time laid should be the day of the month and year upon which the act is supposed to have been committed. A day certain must be stated; and this at present is always the day of the month, although naming it as a feast day, or 'the octave of the Holy Trinity,' or the like, seems to be sufficient." So in 1 *Chitty, Criminal Law*, at page 217, it is said: "It is, in general, requisite to state that the defendant committed the offence for which he was indicted on a specific year and day." And in 1 *Bishop, Criminal Procedure*, section 239 of 1st edition, it is said:

"Every indictment must allege a day and year on which the offence was committed."

In view of the doctrine thus explicitly laid down by these standard authorities on criminal pleading, we do not see how we can avoid the conclusion that the indictment under consideration is fatally defective in failing to state any specific day on which the offence charged was alleged to have been committed; especially when we find that this doctrine has been so recently recognized in this State in the case of *State* v. *Coleman* (8 *S. C.*, at page 243), where it is said: "Time and place must accompany every material allegation in the indictment, though it is not necessary in all cases to prove the offence on the day laid if it is before bill found." In that case the indictment charged that the prisoner, on the 13th day of April, in the year of our Lord one thousand *eigh* hundred and seventy-three, inflicted the wounds, &c., and then proceeded to allege that the said deceased, "from the *said* 13th day of April, in the year of our Lord 1873, until the 14th day of the same month of April in the year of our Lord *last* aforesaid, did languish," &c.; and the court said these latter words just quoted made manifest and put beyond doubt the day when it was alleged that the mortal blow was inflicted. But the court said: "Admitting that the letters *eigh* make no word significant of time, if there was nothing else in the indictment by which a time was found to be specified by proper expression, the exception should prevail."

The case of *State* v. *Washington* (13 *S. C.*, 453), is relied on by the solicitor. But there, too, we find that the omission complained of was supplied by other parts of the indictment. Here, however, the day on which the offence is charged to have been committed is left entirely blank, and there is nothing in the indictment to supply the deficiency. The best that can be said of it is that it was *some* day in the month of March, 1885, but what particular day is not designated or even indicated in any way whatever.

In view of the authorities above cited and quoted from we cannot hold that this indictment is sufficient, especially when we are told in 1 Chitty Cr. Law, 218, that it has been held that "an indictment for battery, setting forth that the defendant beat so

many of the king's subjects between two specified days, would be insufficient," for here this indictment charges in effect that the burglary was committed between the first and thirty-first of March.

The case of *State* v. *Dent* (1 Rich., 469), relied on by the solicitor, is not in point. That was an indictment for gaming, in which the time at which the offence was alleged to have been committed must necessarily have been stated, for the judge who delivered the opinion of the court says, in speaking of the indictment: "It is perfect on its face, and that is enough." Hence no question like the one now under consideration could have arisen in the case. The question there was as to the effect of the special finding of the jury, to wit: That the defendant was guilty, but that the unlawful playing took place more than six months before the commencement of the prosecution; and it was contended that as no day anterior to the six months was designated in the indictment the finding, therefore, was vague and uncertain. It was in reference to this position that the court used the language quoted and relied upon by the solicitor, to wit: "But the exact day of the offence need not be charged in the indictment. And when circumstances render the precise time of consequence, it must be pleaded in order that the solicitor may assign the exact time."

This, of course, means nothing more than that it is not essential that the exact time at which the offence was actually committed should be stated in the indictment, and does not at all affect the rule as laid down in the authorities above cited, that though it is necessary that some particular day must be laid in the indictment it is not necessary that it should be proved that the offence was committed on that particular day. This is not a case in which the wrong day is stated in the indictment, but the objection here is that no specific day is alleged, and hence the suggestion thrown out in *Dent's Case* that where the nature of the defence is such as to require that the correct time should be stated, in order that the defence may be made available, the solicitor may be required to "assign the exact time" (though exactly how this could be done after the bill has been found by the grand jury, it might be difficult to say), does not apply. We

suppose what was really meant by the suggestion was that in such a case the solicitor should be required not to assign the correct day in the indictment, but to elect upon what day he will stand, in analogy to the practice where two separate and distinct assaults are testified to the solicitor is required to elect upon which he will stand; and in this view the suggestion becomes still more inapplicable, for here the question is as to the sufficiency of the indictment, and not as to the proper practice in the conduct of a prosecution.

Again, it is contended that, as Chitty, in the passage above quoted, only says that it is, *in general*, requisite to state in the indictment that the offence was committed on a specific day, the rule is not universal and should not be applied where the reason for it has ceased. But it will be observed that Mr. Chitty practically explains the use of the words "in general," not in the way contended for, but by going on to show two exceptions to the rule, under neither of which does this case fall.

Finally it is urged that the strictness formerly required in criminal pleading is not in accordance with modern views, and that "the general progress of civilization and enlightenment has worked many relaxations in the hide-bound maxims of the law, and in none more conspicuously than the exact technical phraseology of indictments." Without undertaking to inquire how far this may be true as a general proposition, it is sufficient for us to say that so far as the particular question involved in this case is concerned we have not been cited to any authority, and we are not aware of any, in which the old rule has been relaxed. On the contrary, we find, as shown above, that the rule has been recently recognized in our own State. It may be that many of the strict rules of criminal pleading should pass away with the reasons upon which they were founded (if, indeed, there ever was any good reason for them), but it is not our province to alter but simply to declare the law.

And when we find that the fundamental law of the land (*Cons.*, art. 1, § 13,) explicitly declares that: "No person shall be held to answer for any crime or offence until the same is fully, fairly, plainly, substantially, and formally described to him," and when we know of no forms of indictment established by compe-

tent authority except those sanctioned by the wisdom of ages, we do not see how we can justify a departure from those forms.    For it will be observed that the constitution not only requires that the offence charged shall be fully, fairly, plainly, and substantially, but formally described; and this must mean either one of two things—that the offence must be charged in the form required at the adoption of the constitution, or in some form prescribed by competent authority (most probably the latter), and therefore until some other form is so prescribed we are bound to adhere to those originally adopted.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for such further proceedings as may be necessary and proper.