17373

The STÁTE, Respondent, v. Harold RUTLEDGE, Appellant

(101 S. E. (2d) 289)

224

*Messrs. George L. Grantham,* of Easley, and *Price & Poag,* of Greenville, *for Appellant,*

*James R. Mann, Esq., Solicitor,* of Greenville, *for Respondent,*

December 31, 1957.

Oxner, Justice.

Three indictments were returned against appellant. In one he was charged with receiving on August 7, 1955, cigarettes stolen from the Edewald Grocery Store, knowing the same to have been stolen. In another he was charged with receiving on August 8, 1955, cigarettes stolen from Charlie Gibbs Store, knowing the same to have been stolen. The remaining indictment contained two counts. In the first count appellant was charged with conspiring with William Hoyt Mathis, Bobby Joe Masters and Mike Horton, on August 22, 1955, to commit the crime of larceny, and in the second count with receiving cigarettes and money stolen from the store of George H. Senn by Mathis, Masters and Horton, knowing the same to have been stolen. By agreement, the three cases were tried together. A motion by counsel for appellant for a dircted verdict was refused. The jury returned a verdict of guilty on all three indictments and found that the value of the property in each of the two indictments first above mentioned was less than $20.00. Appellant was sentenced to imprisonment for a term of three years on the indictment charging conspiracy and receiving stolen goods and was sentenced to serve thirty days or pay a fine of $100.00 on each of the other cases, the sentences to run concurrently.

At the time of the trial appellant was engaged in the business of operating two cafes in Pickens County, one a drive-in near the town of Pickens and the other in the town of Central. He also formerly operated a cafe at Brevard, North Carolina. To support a conviction on each indictment, the State relied largely, if not altogether, on the testimony of Mathis, Masters and Horton. It appears from their testimony that shortly after Mathis, who was then about 24 years of age, lost his job at Brevard, North Carolina, and was

greatly in need of money, he was told by appellant whom he had known for some time that he (appellant) could "handle some cigarettes and canned meats." Mathis replied that he "didn't want to fool with it" as he had been in trouble before. A few days later he was again approached by appellant and told that he would be given a good price for some cigarettes and meat. Shortly thereafter Mathis ran across Horton, then about 18 years of age, and the two of them broke into a store in North Carolina and stole cigarettes and other property. Later they induced Masters, a 17 year old boy, to join them. These three broke into numerous stores, some located in North Carolina and others in South Carolina. On at least four different occasions the stolen property was brought to appellant who bought same at a price considerably less than the wholesale market.

The testimony fully sustains the conspiracy charge and also clearly justifies the inference that appellant knew he was receiving stolen property.

The first question raised is that a conviction cannot stand upon the uncorroborated testimony of an accomplice. Such is not the law in South Carolina. The weight to be given the testimony of an accomplice is for the fact finding body and if his uncorroborated evidence satisfies the jury of the defendant's guilt beyond a reasonable doubt, a conviction is warranted. *State v. Green,* 48 S. C. 136, 26 S. E. 234; *State v. Sowell,* 85 S. C. 278, 67 S. E. 316; *State v. Whaley,* 113 S. C. 103, 101 S. E. 568; *State v. Johnson,* 156 S. C. 63, 152 S. E. 825; *State v. Fleming,* 228 S. C. 129, 89 S. E. (2d) 104.

The next question is whether a defendant who receives with guilty knowledge in South Carolina property stolen in North Carolina may be prosecuted in this State under Section 16-362 of the 1952 Code, which reads in part as follows: "In all cases whatever when any goods or chattels or other property of which larceny may be committed shall have been feloniously taken or stolen by any person every person who shall buy or receive any such goods or chattels or other

property knowing the same to have been stolen shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment, although the principal felon be not previously convicted and whether he is amendable to justice or not; * * *."

It appears from the testimony that the Edewald Grocery Store and the Charlie Gibbs Store are located in North Carolina. In each of these cases the property was stolen in North Carolina and brought to South Carolina where it was received by appellant.

It is generally agreed among the authorities that in those jurisdictions where it is held to be larceny to bring property into the State which has been stolen in another State, one who there receives such property knowing it to have been stolen is guilty of receiving stolen goods. Annotation 28 L. R. A., N. S., 750. This doctrine is recognized in *Golden v. State,* 2 Ga. App. 440, 58 S. E. 557, the case principally relied on by appellant. It is true that it was there held that where goods were stolen in South Carolina and brought by the thief to Georgia where they were received by the defendants with guilty knowledge, the defendants could not be convicted of receiving stolen goods. However, this conclusion was based upon the fact that under the law of Georgia bringing into that State goods stolen in another State did not constitute larceny. But it is well settled in South Carolina that one who steals property in another State and brings it into this State is subject to prosecution for larceny here. *State v. Hill,* 19 S. C. 435; *State v. McCann,* 167 S. C. 393, 166 S. E. 411; *State v. Vareen,* 223 S. C. 34, 74 S. E. (2d) 223. See annotation 156 A. L. R. 862. In *State v. Hill, supra,* the Court said: "Where one takes goods from another in any place, under circumstances which make the taking felonious, the possession of the owner, in contemplation of law, continues, and where the goods so taken are carried into another state, that constitutes a new taking and asportation in that state, for which an indictment for larceny will lie."

It follows that the fact that the theft of some of the property occurred in North Carolina does not preclude the prosecution of appellant in this State under Section 16-362 of the 1952 Code.

It is next contended that appellant cannot be prosecuted for receiving stolen property which, according to the State's testimony, he conspired with others to steal and which he acquired as a result of the conspiracy. Appellant argues that this makes him a principal in the offense of larceny and invokes the general rule that a person cannot be convicted both of stealing property and receiving the same property knowing it to have been stolen. But we do not think appellant can be regarded as a principal in the stealing. The fact that one entered into a criminal conspiracy with others to commit a crime does not necessarily make him a principal in the substantive crime resulting from such conspiracy. In *State v. Ferguson,* 221 S. C. 300, 70 S. E. (2d) 355, 356, the Court said: "The gist of the crime (conspiracy) is the unlawful combination. The crime is then complete, even though nothing further is done." But even if appellant be regarded as an aider or participant in the theft, the testimony clearly discloses that he was not present and took no part in the actual caption and asportation of the property. In *State v. Tindall,* 213 S. C. 484, 50 S. E. (2d) 188, 190 it was held that one "may be convicted of criminally receiving stolen property, even though he was a guilty participant in the stealing of it, where he took no part in the actual caption and asportation, but participated only as an accessory before or after the fact." To the same effect, see *State v. Sweat,* 221 S. C. 270, 70 S. E. (2d) 234.

In one of the indictments appellant was charged in one count with conspiracy to commit the crime of larceny and in another count with receiving stolen goods knowing the same to have been stolen. It is argued that the charge of conspiracy was merged in the commission of the completed offense and that a conviction on both counts in this indictment cannot stand.

It may be first stated that there could not have been a merger of the offense of conspiracy to commit larceny and the offense of receiving stolen goods, knowing them to have been stolen, for the crimes of larceny and receiving stolen goods are separate and distinct offenses. *State v. Tindall, supra,* 213 S. C. 484, 50 S. E. (2d) 188. Apart from this, however, we have held that a conspiracy to commit a crime is not merged in the commission of the completed offense. *State v. Ferguson, supra,* 221 S. C. 300, 70 S. E. (2d) 355. In that case a defendant was charged in an indictment in one count with a conspiracy to set up a numbers lottery and in another count with the substantive crime of setting up a lottery, and was convicted on both counts. It was contended that he could not be charged at the time with conspiracy and with setting up a lottery. This contention was overruled and the verdict upheld. The Court said: "Especially where the completed crime is a misdemeanor, a conspiracy does not merge into it, but is a distinct offense in itself and punishable as such, notwithstanding that the object of the conspiracy has been accomplished." Also, see 11 Am. Jur., Conspiracy, Section. 9; Annotations 37 A. L. R. 778, 75 A. L. R. 1411; *Pinkerton v. United States,* 328 U. S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489. Moreover, it has been stated that "even if it be conceded that a conspiracy to commit a crime merges in the completed crime, a conspirator who does not participate in the actual commission of the crime may be indicted and convicted for conspiracy." 15 C. J. S., Conspiracy, § 76, page 1109.

Finally, it is contended that as to the two indictments charging receiving stolen goods only, knowing the same to have been stolen, there was a variance of several weeks between the times alleged in the indictments and the proof. There is no merit in these exceptions. It is well settled that it is not necessary to prove the precise day laid in an indictment except where time enters into the nature of the offense, or is made a part of the description of it. *State*

*v. Branham,* 13 S. C. 389; *State v. Howard,* 32 S. C. 91, 10 S. E. 831; *State v. Peak,* 134 S. C. 329, 133 S. E. 31.

All exceptions are overruled and judgment affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.