**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Jim HICKLE, Defendant and Appellant.**

**No. 12362.**

Supreme Court of South Dakota.

Argued June 5, 1978.

Decided Aug. 10, 1978.

Peter H. Lieberman, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., John P. Guhin, Asst. Atty. Gen., Pierre, on the brief.

Neil Carsrud, Belle Fourche, for defendant and appellant.

MORGAN, Justice.

The question presented on this appeal is whether one who steals tires in Weston County, Wyoming, and brings them into Butte County, South Dakota, is subject to

prosecution for larceny in the latter jurisdiction, and, if so, which state's laws define the criminal character of the act.

Two Michelen tires, worth about $385.00, were stolen from a shop in Wyoming. They were identified by the owner at a service station in Belle Fourche, South Dakota. The service station owner identified the appellant as the one who had sold the tires to him, and upon apprehension appellant admitted that he had stolen them in Wyoming.

By demurrer to the information and by application for writs of prohibition and injunction directed to the circuit court, to this court, and to the federal district court, the appellant has contested the same issues that he presents in this appeal from his conviction upon a jury verdict: Is SDCL 23–9–13 unconstitutional as a violation of the appellant's rights under the Fifth and Sixth Amendments of the United States Constitution and §§ 7 and 9 of Article VI of the South Dakota Constitution? Appellant advances several constitutional arguments. He claims that he was deprived of a trial by a jury of the state and district wherein the crime was committed; that he was deprived of due process; and that he would be subject to double jeopardy if he were also charged and convicted of the offense in Wyoming.

In substance, the information charged appellant with grand larceny in violation of SDCL 22–37–2 and SDCL 23–9–13, in that appellant did on or about the 14th day of February, 1977, by stealth, take, steal and carry away certain personal property in Weston County, Wyoming, with the intent then and there to deprive another thereof in violation of SDCL 22–37–2, (describing the property), and did bring said tires into the state of South Dakota and county of Butte, on the 15th day of February, 1977 in violation of SDCL 23–9–13.

The first issue is the validity of SDCL 23–9–13 which provides: "All persons who commit theft out of this state and bring or are found in this state with the property stolen are liable to punishment under the laws of this state."

Historically, subject matter jurisdiction relative to the common law crime of larceny was held by a majority of courts in the United States to lie within an exception to the general rule of the territorial theory of jurisdiction. Under this exception, larceny was considered a continuing crime and every asportation considered a new taking; thus larceny could be prosecuted not only at the place where the goods were stolen, but also wherever the goods were subsequently brought. *People v. Martinez*, Colo.App., 543 P.2d 1290, 1292 (1975).

Many states have adopted various forms of statutes which codify the common law, as has South Dakota. As stated in Wharton's Criminal Law and Procedure, 1957 ed., § 485, p. 145:

> In a number of states, statutes have been adopted which codify the majority view by providing in substance that any person who shall steal in another state or country any goods and shall thereafter bring the same into the state may be prosecuted and convicted of larceny in the county to which such goods are brought or in which he is found, in the same manner as if such larceny had been committed in this state, and that in every such case the larceny may be charged to have been committed in any county into or through which such stolen property may have been brought.

Although this is a case of first impression before this court, our state's codification of the common law goes back to the territorial days when our predecessor, the Dakota Territory, adopted the so-called "Field Code" on January 12, 1866, which stated in pertinent part:

> The following persons are liable to punishment under the laws of this territory:
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (2) All who commit theft out of this territory and bring, or are found with the property stolen, in this territory.

Appellant contends that SDCL 23–9–13 is unconstitutional in that it denies the appellant three basic and absolute rights, those being (1) to have a trial by a jury

from the district or county or state where the offense was alleged to have been committed; (2) to have compulsory process served for obtaining witnesses; and (3) to not be twice placed in jeopardy for the same offense.

The constitutionality of such statutes and the power of the legislature to enact them have been for the most part sustained as against the above objections. 156 A.L.R. 862, 886.

In regards to the right of having a trial by an impartial jury of the county in which the offense is alleged to have been committed, the appellant contends that since the grand larceny was committed in Weston County, Wyoming, he should not therefore have been tried by a jury empanelled in Butte County, South Dakota. The appellant also contends that since the crime was committed in Wyoming, that state could also prosecute appellant for the same crime, of which he has been convicted in South Dakota, thus being twice placed in jeopardy for but the one offense. The appellant further alleges that since under statute a hearing is required to determine whether out-of-state witnesses should be certified, this added burden infringes upon and could easily deny an accused's absolute right to compulsory process for obtaining witnesses.

These contentions against the constitutionality of such statutes are answered by the argument that the statute does not undertake to punish for an offense committed in another state, but for the bringing into the state property stolen outside its boundaries, with a view of protecting the citizens of this state from purchasing stolen property which might later be recovered by the rightful owner. In *Howell v. Commonwealth*, 187 Va. 34, 46 S.E.2d 37, 39 (1948), the Supreme Court of Appeals stated:

> It is not an attempt to enforce the criminal laws of another State, but defines and punishes an offense committed in this State. Many States have similar statutes; others recognize the offense without the aid of a statute. 32 Am.Jur., Larceny, § 98, p. 1012.

Such statutes are very generally held constitutional against such objections as are advanced in this case—double jeopardy, trial by an impartial jury of the county, denial of process for summoning witnesses, and the like. (Citations omitted.)

The other public policy consideration is to prevent the creation of a haven for criminals who would steal in one state and then flee to the neighboring state to escape prosecution. Based on the "continuing crime" theory of larceny, the appellant's constitutional claims are incorrect. It is the law of South Dakota that categorizes the conduct of the appellant in South Dakota—that being the bringing of stolen goods into South Dakota—which has the legal effect of a "taking" within South Dakota.

This idea is further exemplified in Wharton's Criminal Law, supra, § 485, p. 147, where it states that:

> Some cases take the view that since the statute undertakes to punish, not an offense against the state where the original act of taking took place, but an offense against the state of the forum to which the goods are brought, the criminal character of the original taking within another state must be determined, not according to the law of such other state, but according to the law of the forum.

SDCL 23-9-13 plainly indicates the legislative intent to denounce and punish as larceny the bringing into this state of personal property stolen in another state. Any fair construction of this statute leads to the conclusion that the form of the accusation and the penalty to be imposed upon conviction are the same as in the case of larceny committed wholly within the state. In short, the section merely amplifies the description of the offense of larceny when committed in another state. It was not necessary to allege the original unlawful taking, for that would constitute the allegation of a wholly evidentiary matter. *People v. Case*, 49 Cal.2d 24, 313 P.2d 840, 843 (1957) citing 3 Bishops New Criminal Procedures, 2nd ed., § 727, p. 1687; 52 C.J.S. Larceny § 92, p. 902 (now at 52A C.J.S. Larceny § 92, p. 554).

The appellant, therefore, cannot complain that he was deprived of the right to trial by impartial jury in the state in which the larceny was originally committed. The crime charged was committed in South Dakota by conduct which occurred in South Dakota, not Wyoming, and the appellant received a fair and impartial jury in South Dakota. Based on the same reasoning the appellant is incorrect when he alleges that any future trial and punishment to which appellant might be subject for his initial larcenous taking in another state is for the same conduct as occurred in South Dakota and for which he was tried and punished in South Dakota.

Appellant argues that this court should accept the minority rule which holds that bringing stolen goods into a state is not an offense of which its laws can take cognizance, citing *Van Buren v. State*, 65 Neb. 223, 91 N.W. 201 (1902), wherein the Nebraska Court stated in pertinent part:

> We cannot perceive how it may rightfully be said that property stolen in South Dakota, or in any other of the several states, and brought into this jurisdiction, can be said to have been stolen and a crime committed contrary to the laws of this state, *in absence of legislation making such action a crime.* That the legislature may declare the bringing into this state property stolen in another an offense, and provide suitable punishment therefor, is abundantly supported by the authorities . . . . (Emphasis added.)

It should be noted though that the Van Buren court states "in absence of legislation making such action a crime." Since the South Dakota legislature, has enacted legislation making such action a crime, we do not find Van Buren persuasive.

Appellant further argues that the state did not prove that he had committed larceny under the Wyoming Statute. This is wholly incorrect, for as stated in *People v. Case*, supra, it is not necessary to allege the original unlawful taking, for that would constitute the allegation of wholly evidentiary matter. The indictment is for the crime in South Dakota, not the original larceny in Wyoming. In *State v. Rutledge*, 232 S.C. 223, 227, 101 S.E.2d 289, 291 (1957) that court stated:

> Where one takes goods from another in any place, under circumstances which make the taking felonious, the possession of the owner, is contemplation of law, continues, and where the goods so taken are carried into another state, that constitutes a new taking and asportation in that state, *for which an indictment for larceny will lie.* (Emphasis added.)

Since the information did allege the larceny statute under South Dakota law (SDCL 22–37–1) and the jurisdictional statute (SDCL 23–9–13) we affirm the judgment for the reasons stated above.

All the Justices concur.