21491

The STATE, Appellant, v. Richard F. SWEAT, Sr., Granville S. Way, Jr., Respondents.

(279 S. E. (2d) 375)

*Atty. Gen. Daniel McLeod, Asst. Atty. Gen. Buford S. Mabry, Jr.,* and *State Atty., Scott Elliott,* Columbia, *for appellant.*

*Thomas O. Berry, Jr.,* and *Gene W. Dukes,* St. George, *for respondents.*

June 16, 1981.

GREGORY, Justice:

The state appeals an order quashing the indictment for criminal conspiracy returned against respondents Richard F. Sweat, Sr., and Granville S. Way, Jr. We reverse.

The crime of conspiracy is a statutory offense in this state, defined in Section 16-17-410, Code of Laws of South Carolina (1976) as "a combination between two or more persons for the purpose of accomplishing a criminal or unlawful object or an object neither criminal nor unlawful by criminal or unlawful means."

Through its enactment of Section 16-17-410, the legislature codified the criminal offense known to the common law as conspiracy, subjecting the accused to a possible maximum of five (5) years imprisonment or five thousand dollars ($5000.00) fine, unless the conspiracy is to commit a crime which, as a substantive offense, carries a lesser

penalty. *State v. Bendoly,* 273 S. C. 47, 50, 254 S. E. (2d) 287 (1979).

The indictment in this case charged respondents as follows:

"That Granville S. Way, Jr., Richard F. Sweat, Sr., and Wilbur M. Sweat, late of the County and State aforesaid beginning on a date or dates unknown at this time to the Grand Jury but including the 15th day of July 1973, through the 31st day of December, 1978, and ending on a date or dates unknown at this time to the Grand Jury, did in the County of Dorchester, South Carolina, unlawfully, knowingly, willfully, fraudulently and corruptly did conspire, combine, confederate and agree and have tacit understanding with each other and with divers other persons by diverse false pretenses and indirect means to cheat and defraud the County of Dorchester, a political subdivision of the State of South Carolina, of certain property and services to wit: the use of personnel, equipment, goods and chattels of the Dorchester County Road Department, and the use of inmate labor; all this being at Westoe Plantation in Dorchester County, South Carolina for the benefit of private parties and entities, to the evil example of all other in like case offending."

We think the language of the indictment clearly charges respondents with conspiring to defraud the government, a common law offense recognized in *State v. Cardoza,* 11 S. C. 195, 230 (1878), and therefore subsumed under the statute. Accordingly, the trial judge erred in quashing the indictment on the ground no substantial offense was stated. In *Cardoza,* the court specifically held: "A conspiracy to injure or defraud the public is indictable as such, independent of the special character of the means employed for that purpose." *Id.,* at 229.

As a further ground for quashing the indictment the court below found it vague and overbroad. We disagree.

An indictment is sufficient which, in addition to allegations of time and place, charges the crime substantially in the language of the common law or statutory offense so plainly that the charge may be understood. Section 17-19-20, Code of Laws of South Carolina (1976).

Our Court has recently set forth the test we employ in adjudging the sufficiency of an indictment. It is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer and acquittal or conviction to be placed in bar to any subsequent prosecution. *State v. Crenshaw*, S. C., 266 S. E. (2d) 61 (1980).

The issue of vagueness and overbreadth here turns solely upon whether the allegations of conspiracy during the six-year period render the indictment fatal in light of the above test. We think they do not.

Time is not of the essence in conspiracy offenses. *State v. Mikell*, 257 S. C. 315, 185 S. E. (2d) 814 (1971). That the conspiracy allegedly extended over the period in question does not of itself render the indictment overbroad. This in combination with the lawful acts, stated with particularity to be the use of county personnel, equipment, goods and chattels plus inmate labor at Westoe Plantation in Dorchester County for the benefit of private parties, sufficiently advises the court and respondents of the specific charge against them.

The language of the indictment charges the crime of conspiracy to defraud the government as recognized in *State v. Cardoza, supra,* and as embraced within Section 16-17-410 of our Code. The time and place of the commission of the unlawful object are not too vague or overbroad as to render the indictment defective as a matter of law. As the court in *Cardoza* observed:

"It would be a just reproach to the common law if it afforded no means of dissipating combinations threatening the destruction of legal security, however formidable they might be, because the objects were general and threatened the community indefinitely, and were not aimed at some particular member of the community, or to some other limited and defined sphere. On the contrary, as we have seen, one of the great objects of this jurisdiction is to protect the community at large; and the protection of the individual is subordinate to that end."
11 S. C. at 234-235.

Accordingly, the order quashing the indictment is reversed and the cause remanded.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.