23491

The STATE, Respondent v. John D. WADE, Jr., Appellant.
(409 S.E. (2d) 780)

Supreme Court

*Elmer W. Hatcher, Jr.*, Aiken, and *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Amie L. Clifford*, Columbia, and *Sol. Robert J. Harte*, Aiken, *for respondent.*

Heard Oct. 18, 1989.

Decided Oct. 7, 1991.

TOAL, Justice:

The sole issue presented in this appeal is whether an indictment should be quashed as unconstitutionally vague or overbroad if it alleges that a criminal offense occurred at some point within a two year time period. We hold that under the particular circumstances of this case, the trial judge acted properly in refusing to quash the indictment.

## FACTS

The Appellant John Wade was tried for the offense of criminal sexual conduct with a minor in the first degree. The body of the charging indictment read as follows:

> That John D. Wade, Jr. did in Aiken County at divers times during 1984 through 1985, wilfully and unlawfully commit a sexual battery upon [the victim], a minor of less than eleven (11) years of age, by performing digital penetration, to wit: by inserting his finger into the vagina of [the victim].

At trial, the victim testified that on one occasion sometime within the indictment period, the defendant, her uncle, touched her person "where he don't supposed to." (Tr. 4).[1] The victim testified that the sexual episode with the defendant occurred in her grandparents' house in their bedroom. She further stated that she and the defendant were alone at the time of the offense. Dr. Charles Hewitt examined the victim in May of 1986 and testified at trial that in his medical opinion, because of his observation that the victim had an enlarged hymen, she had suffered digital vaginal penetration.

The defendant categorically denied any wrongdoing. He testified that he had never been alone with the victim, much less committed any sexual offense with her. He further testified that the incident could not have happened since his mother (the victim's grandmother) kept her bedroom locked at all times. The grandmother herself substantiated the defendant's testimony, confirming that her bedroom stayed locked. The victim's mother testified that her daughter admitted that her allegations against the defendant were false.[2]

The jury did not believe the defendant, finding him guilty as charged. He was sentenced on July 21, 1988 to a term of imprisonment of thirty years, and this timely appeal followed.

## LAW/ANALYSIS

The defendant complains that, because of the two year length of time specified in the indictment, he was unable to defend the charge against him. He contends that it is impossible for him to establish an alibi defense if he must account for his whereabouts on every day and night within the two year period. He urges that we adopt a *per se* rule that a two year

---

[1] "Where he don't supposed to" was stated by the victim as being where she went to the bathroom. (Tr. 4).

[2] It should be pointed out that the victim was removed from her home by the Department of Social Services due to sexual abuses by her father.

indictment period is unconstitutionally overbroad.[3] We decline to adopt such a rule.

This Court has held that, "(a)n indictment is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and acquittal or conviction to be placed in bar to any subsequent prosecution." *State v. Adams*, 277 S.C. 115, 125, 283 S.E. (2d) 582, 587 (1981). We have also held: "the true test of the sufficiency

---

[3] To demonstrate that this was in fact the argument made by the defendant, I set forth the pretrial motion made by the defendant:

THE COURT: All right. Ready to proceed, Mr. Hatcher?
MR. HATCHER: Your Honor, I would make one motion first. I would move to quash the indictment on the grounds that it's unconstitutionally vague in the time period since it encompasses nearly two years, does not provide the Defendant with adequate basis upon which to defend himself.

(Tr. 1). Also by way of demonstration, I set forth the following language from the defendant's brief, in which the sole argument concerned the sufficiency of the indictment:

If Appellant had been provided with reasonable time frames for which he would have been called to account, the proof may well have been readily available to him to prove his whereabouts elsewhere.

One of the purposes of an indictment is to inform the defendant of the charges against him with sufficient certainty to enable him to prepare his defense and one of the tests of its sufficiency is whether it adequately apprised the defendant of what he must be prepared to defend. *State v. Munn*, 357 S.E. (2d) 461, 292 S.C. 497 (1987).

It is the general rule that an indictment must state with particularity the time at which the offense alleged therein was committed. 41 Am. Jur. (2d), *Indictments and Informations*, § 115.

(App. Brief, p. 3).

In the instant case we are confronted with an indictment limited not to merely one month but to two full years. When the indictment provides a defendant with a two year period of time during which an unspecified number of acts taking only a few minutes apiece allegedly took place it becomes an impossibility for him to be able to prepare a defense therefor. How can one be expected to establish an alibi for every minute of his time over a period of two years? Appellant recognizes that in the type of case with which the Court is herein presented wherein, necessarily, the only direct witness is a young child, that it is very difficult for the State to delineate a specific time, but certainly the State should be expected to narrow the time frame to something less than two years. To allow an indictment to be validated with such an extreme broadness is to allow it to cease totally to exercise one of its basic purposes, that of apprising the defendant of what he must be prepared to defend.

It is, therefore, a deprivation of Appellant's right to be apprised of what he must be prepared to defend to allow such a broad indictment to stand.

(App. Brief, p. 4).

of an indictment is not whether it could have been more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet." *State v. Ham*, 259 S.C. 118, 129, 191 S.E. (2d) 13, 17 (1972).

We have further stated that the sufficiency of an indictment must be judged from a practical standpoint, with all of the circumstances of the particular case in mind. *State v. Adams*, 277 S.C. 115, 283 S.E. (2d) 582 (1981). The defendant would have us abandon this case-by-case approach when indictments spanning two years or more are before us. We think it inappropriate to create a *per se* rule of insufficiency based on a two year time limit, and we maintain our present approach.

If we adopted the *per se* rule that two years is simply too long for an indictment period, what would happen with the following scenario? Assume the severely decomposed remains of a victim are found in some woods. The murder weapon, a gun, is found buried five feet from the victim. The gun is registered to a certain individual. A search warrant is granted, and a search of the suspect's home produces proof positive that he is the killer. However, forensic experts cannot, because of the state of the victim's remains, state with specificity when the victim died. They opine that it could have been as long as four years ago but that it was certainly two years ago. The defendant, a recluse, invokes his right to remain silent, and the police cannot uncover any further evidence. Under the *per se* rule, the killer would be unindictable.

We do not agree with the defendant that he was unable to prepare a defense to the charge of the indictment because of the time span involved. On the contrary, the defendant proceeded with a defense of denial, and presented evidence of factual impossibility. The jury simply rejected these defenses. Because he possessed these other defenses, the defendant's argument that he was prejudiced by the indictment is severely weakened. *See People v. Fritts*, 72 Cal. App. (3d) 319, 140 Cal. Rptr. 94 (1977) (where defendant's alibi defense was not specific as to dates but total, in that he made blanket denial of ever having molested his stepdaughter, he was not prejudiced by manner of charging that lewd act occurred between May 1, 1973 and May 1, 1974). *See also Covington v.*

*State*, 703 P. (2d) 436 (Alaska App. 1985); *State v. Roberts*, 101 Idaho 199, 610 P. (2d) 558 (1980).

The defendant's logic that a two year indictment period is overbroad because one cannot possibly account for his whereabouts during that span is a slippery slope. In most situations, an individual probably could not account for his whereabouts on every day during a one year, six month, one month, or even shorter span. The defendant's contention is therefore not persuasive.

In this case, the indictment time span was narrowed as much as possible under the circumstances. The victim was eight years old at the time of the trial. She testified that the sexual offense occurred on only one occasion. She was unable to pinpoint the exact date on which this offense took place. The defendant testified that he was in the vicinity of the victim at relatively few times. The defendant lived in Athens, Georgia for much of the time of the indictment period. He claimed that from March to May of 1984, he returned to North Augusta (where the victim resided) one night a week to visit his wife and children. After this, the defendant testified that he returned to North Augusta only four times through December of 1985. The first was Christmas Day in 1984; the second was over the July Fourth weekend in 1985; the third was a one day visit in August of 1985; and the fourth was for a wedding in October of 1985.

The jury could have determined that this young child had little concept of dates and time. Indeed, at trial the victim testified that she did not know her own age. The victim could have legitimately had real difficulty remembering the date on which the defendant committed his offense, instead only being capable of remembering that it happened sometime in 1984 or 1985. *See State v. Swallow*, 350 N.W. (2d) 606 (S.D. 1984) (five month indictment period should be viewed leniently where victims are minors who cannot pinpoint with certainty when offenses occurred). *See also State v. Bird*, 292 N.W. (2d) 3 (Minn. 1980); *People v. Fritts*, 72 Cal. App. (3d) 319, 140 Cal. Rptr. 94 (1977); *State v. Wonser*, 217 Kan. 406, 537 P. (2d) 197 (1975); *State v. Rogers*, 48 Idaho 567, 570, 283 P. 44, 45 (1929) ("(i)t would be a very weak rule of law that would permit a man to ravish a fifteen year old girl . . . and then say in effect, 'you cannot convict me of this crime, as

you did not guess the right date.' "). Moreover, the fact that the defendant can account for his whereabouts for most of the two year indictment period undercuts his argument that he could not prepare any alibi defense.

We note that we are not alone in approving of lengthy indictment periods when the circumstances of the case demand it. *See United States v. Roman*, 728 F. (2d) 846 (7th Cir. 1984) (eleven year and five month indictment period approved); *People v. Patrick*, 38 Ill. (2d) 255, 230 N. E. (2d) 843 (1967) (two years, twenty days approved); *Waitt v. Commonwealth*, 207 Va. 230, 148 S.E. (2d) 805 (1966) (sixteen months approved).

The dissent relies upon *State v. Brown*, 24 S.C. 224 (1886) for the proposition that South Carolina law requires that the specific date of an alleged offense be set forth in the indictment. In citing this nineteenth century case, the dissent ignores a plethora of modern case law to the contrary. In *State v. Peak*, 134 S.C. 329, 340, 133 S.E. 31 (1926), we held "[i]t is not necessary to prove the precise day or even year laid in the indictment, except where time enters into the nature of the offense, or is made part of the description of it." *See also State v. Rutledge*, 232 S.C. 223, 101 S.E. (2d) 289 (1957); *State v. Quarles*, 261 S.C. 413, 200 S.E. (2d) 384 (1973); *State v. Pierce*, 263 S.C. 23, 207 S.E. (2d) 414 (1974).

Moreover, we have in the past specifically upheld the validity of an indictment that did *not* set forth the specific date (and apparently even *hour*, according to the dissent) of the alleged offense. *State v. Shoemaker*, 276 S.C. 86, 275 S.E. (2d) 878 (1981). *See also State v. Sweat*, 276 S.C. 448, 279 S.E. (2d) 375 (1981). We have also addressed the sufficiency of an indictment when alibi is raised as a defense, as here. In such a situation, we have held only that the State must:

> not be allowed to prove a different date than set forth in the indictment . . . unless the defendant is held to have had knowledge that the State would attempt to prove a different date upon trial. In such a case, it is proper for the trial judge, after allowing amendment of the indictment, to declare a mistrial and allow defendant time to attempt to establish an alibi defense for the different date.

*State v. Pierce*, 263 S.C. 23, 207 S.E. (2d) 414, 416 (1974). Noth-

ing in our *Pierce* ruling can be honestly construed to require a more specific time allegation in an indictment for an alibi defendant, when no such specificity is possible due to, *e.g.,* the prosecutrix being a child.

As a final matter, the dissent employs a faulty analysis in testing the sufficiency of the indictment here. Professing to use a "case-by-case analysis," the dissent quotes the *Adams* test that "the indictment sufficiency tests . . . must be *viewed with a practical eye;* all the *surrounding circumstances* must be weighed before an accurate determination of whether a defendant was or was not *prejudiced* can be reached." (Emphasis in the original.) *Infra,* — S.C. at —, 409 S.E. (2d) at 785. The dissent next proceeds to point out the evidence presented by the State *at trial* to convict the defendant, apparently engaging in a harmless error-type analysis. This is not a proper application of the terms "surrounding circumstances" and "prejudice" as used by the *Adams* Court.

Instead, one is to look at the "surrounding circumstances" that existed pre-trial, in order to determine whether a given defendant has been "prejudiced," *i.e.,* taken by surprise and hence unable to combat the charges against him. *See, e.g., State v. Quarles,* 261 S.C. 413, 200 S.E. (2d) 384 (1973); *State v. Adams,* 277 S.C. 115, 283 S.E. (2d) 582 (1981); *State v. Shoemaker,* 276 S.C. 86, 275 S.E. (2d) 878 (1981). Using the dissent's reasoning, which looks ahead to the evidence presented at trial, it is difficult to see how the trial court could ever be confident in its ruling on whether to quash an indictment on insufficiency grounds. After all, the motion is a *pre-trial* one. Indeed, it would be physically impossible for a trial judge to consider in a pre-trial motion the "prejudice" and "surrounding circumstances" (as the majority defines such terms) of the *Adams* test, if the majority view of *Adams* is employed.

Therefore, we hold that under the circumstances of this case, the indictment was not unconstitutionally overbroad. The Appellant's conviction is

Affirmed.

GREGORY, C.J., HARWELL and CHANDLER, JJ., concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice dissenting:

I respectfully dissent. The majority asserts that the appellant seeks to have us adopt a per se rule that an indictment covering a two-year period is unconstitutionally overbroad. My reading and analysis of the appellant's position is that he does not seek a per se rule but, rather, asserts that under the circumstances of this case, the two-year period of time is overbroad in that it created a situation which prejudiced his defense and denied him a fair and impartial trial.

At common law, the specific date of an alleged offense had to be set forth in the indictment. *State v. Brown,* 24 S.C. 224 (1886). In *Brown,* the indictment charged as follows: "That Andrew Brown, on the ___ day of March, in the year of our Lord one thousand eight hundred and eighty-five, at the hour of ___, in the night of the same day . . ." In *Brown,* the Court determined that failure to alleged specific time and place was fatal.

The common aw has been altered by statute. S.C. Code Ann. § 17-19-20 states, in relevant part:

> Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the crime . . .

The general test for determining the sufficiency of an indictment has been stated as follows:

> An indictment is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and acquittal or conviction to be placed in bar to any subsequent conviction.

*State v. Crenshaw,* 274 S.C. 475, 266 S.E. (2d) 61 (1980). Additionally, this Court has stated that "the true test of the sufficiency of an indictment is not whether it could have been more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently

apprises the defendant of what he must be prepared to meet." *State v. Ham,* 259 S.C. 118, 191 S.E. (2d) 13, 17 (1972).

In *State v. Adams,* 277 S.C. 115, 283 S.E. (2d) 582, 587 (1981), this Court determined that "the indictment sufficiency tests . . . must be *viewed with a practical eye;* all the *surrounding circumstances* must be weighed before an accurate determination of whether a defendant was or was not *prejudiced* can be reached."[1] (Emphasis added.)

The facts and circumstances revealed by the record before this Court leads to the inescapable conclusion that the appellant was prejudiced by the defect in his indictment. First, the only evidence identifying the appellant as the perpetrator of the crime was the victim's vacillatory testimony. Second, there was testimony that the victim changed her statement and admitted that John Wade, Jr., did not sexually assault her. Third, evidence was presented at trial that the victim had been sexually molested by her father and grandfather. Finally, the absence of reasonably certain dates from the two-year period in the indictment prejudiced the appellant by forcing him to present a blanket denial for lack of a specific time or times for which he could advance a defense.

Further, the indictment alleged that "at divers time during 1984 through 1985" the appellant committed the sexual battery. At trial, the prosecuting witness testified that the offense occurred only once. Under the circumstances of this case, I feel that the appellant was prejudiced by the failure of his indictment to state the offense with sufficient certainty and particularity to enable him to defend himself against the charges.

I would hold that in this case, the two-year period covered in the indictment was constitutionally overbroad.

---

[1] Other courts, using a case by case analysis, have articulated factors which should be considered in determining whether or not an indictment is overbroad in its time parameters. *State In Interest of K.A.W.,* 104 N.J. 112, 515 A. (2d) 1217 (1986); *People v. Morris,* 61 N.Y. (2d) 290, 473 N.Y.S. (2d) 769, 461 N.E. (2d) 1256 (1984). Without such a case by case analysis, I believe the majority is endorsing, carte blanche, a two-year indictment period as being permissible. This sets a dangerous precedent.