THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 State of South Carolina, Respondent,
 v.
 Laurentino
 Vilorio, Appellant.
 
 
 

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge
 Unpublished Opinion No. 2009-UP-195
Submitted April 1, 2009  Filed May 6,
 2009    
AFFIRMED

 
 
 
 Appellate
 Defender Kathrine H. Hudgins, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General William M. Blitch, Jr., all of Columbia; and Solicitor Robert M.
 Ariail, of Greenville, for Respondent.  
 
 
 

PER CURIAM: Laurentino Vilorio was convicted of committing a lewd
 act on a minor and sentenced to fifteen years' imprisonment, suspended upon the
 service of five years.  Vilorio appeals his conviction and sentence, arguing
 the circuit court erred in allowing the State to amend the indictment at trial
 to expand the time frame of the offenses.  We
 affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann.
 § 17-19-100 (2003) (permitting judicial amendment of an indictment to comply
 with the proof offered at trial if the amendment does not change the nature of
 the offense charged); State
 v. Quarles, 261 S.C. 413,
 417, 200 S.E.2d 384, 386 (1973) (requiring a showing of both prejudice and
 abuse of discretion to reverse an amendment of the time frame in an
 indictment); State v. Rush, 129 S.C. 43, 47, 123 S.E. 765, 766 (1924) (holding where
 "time [is] not of the essence of the offense charged," amending the
 time frame in an indictment does not change the nature of the offense); State
 v. Tumbleston, 376 S.C. 90, 101-02, 654 S.E.2d 849, 855 (Ct. App. 2007)
 (finding time frame is not material to committing a lewd act on a minor and
 enlarging the time frame of an indictment for this offense is not improper); State
 v. Guthrie, 352 S.C. 103, 108, 572 S.E.2d 309, 312 (Ct. App. 2002) (holding
 an indictment is sufficient if it "inform[s] the accused of the charge
 against him by listing the elements of the offense charged" and is "sufficiently
 specific to protect the accused against double jeopardy").  
AFFIRMED.
SHORT, THOMAS,
 and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.