THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Susan Lower, Appellant.
 
 
 
 
 

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2010-UP-455
 Submitted October 1, 2010  Filed October
20, 2010   

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all
 of Columbia; and Solicitor J. Strom Thurmond, Jr., of Aiken, for Respondent.
 
 
 

PER CURIAM: Susan Lower appeals her convictions for criminal
 sexual conduct (CSC) with a minor in the first degree, CSC with a minor in the
 second degree, disseminating obscene material to a minor twelve years or
 younger, two counts of unlawful conduct towards a child, and four counts of lewd
 act upon a child.  Lower argues the trial court erred in (1) refusing to grant
 her request for a mistrial when the State declined to proceed on seven of the
 seventeen charges against her and when the trial court made allegedly improper
 comments to the jury regarding the seven withdrawn indictments, and (2)
 allowing the State to amend two lewd act indictments such that the amendment
 changed the nature of the alleged offense.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and based on the reasoning of the following
 authorities:    
1. As to whether the trial court
 erred in denying Lower's mistrial motion when the State declined to proceed on
 seven of the seventeen charges against her, and when the trial court made
 allegedly improper comments to the jury regarding the seven withdrawn
 indictments: State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94
 (2003) ("In order for an issue to be preserved for appellate review, it
 must have been raised to and ruled upon by the trial judge.  Issues not
 raised and ruled upon in the trial court will not be considered on
 appeal."); State v. George, 323 S.C. 496, 510, 476 S.E.2d 903,
 912 (1996) ("No issue is preserved for appellate review if the
 objecting party accepts the judge's ruling and does not contemporaneously make
 an additional objection to the sufficiency of the curative charge or move for a
 mistrial.").  
2.  As to whether the trial court
 erred in allowing the State to amend the dates on two lewd act indictments
 against Lower such that the amendment changed the nature of the alleged offense: State v. Myers, 313 S.C. 391, 393, 438 S.E.2d 236, 237 (1993)
 ("Amendments to an indictment are permissible if they do not change the
 nature of the offense; the charge is a lesser included offense of the crime
 charged on the indictment; or the defendant waives presentment to the grand
 jury and pleads guilty."); State v. Quarles, 261 S.C. 413, 417, 200
 S.E.2d 384, 386 (1973) ("A motion to amend the date alleged in an
 indictment is addressed to the sound discretion of the trial judge, and the
 burden of showing an abuse of discretion and resulting prejudice is upon the
 party adversely affected by his ruling thereon.").
AFFIRMED.
FEW, C.J., HUFF and
 GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.